## 70192. THE STATE v. OSBORNE.
(330 SE2d 447)

DEEN, Presiding Judge.

The appellee, Mitchell Lee Osborne, was arrested on August 3, 1984 and charged with child molestation. Upon his arrival at the Hall County Sheriff's Department, Osborne was interrogated by the sheriff and the sheriff's wife for approximately 45 minutes, with only the last 3 minutes having been recorded. At the beginning of the interrogation, Osborne signed an "Acknowledgment of Waiver of Rights." The alleged incriminating statement made by Osborne during the recorded interrogation consisted of a series of questions propounded by the sheriff and the affirmative or negative responses of Osborne. Following a pretrial hearing, the trial court excluded this statement, on the basis that it was not given voluntarily and intelligently, and the state appeals.

At the hearing the sheriff's wife testified that she had read the waiver form to Osborne, and that Osborne had signed the waiver within 2 minutes. She admitted that she had not attempted to explain the *Miranda* rights to Osborne in simpler terms, but she had felt that he had understood everything.

A psychologist also testified at the hearing about the findings of her evaluation of Osborne. She had found Osborne to be mildly mentally retarded. He was alert, well-oriented, and possessed good common sense, but he was unable to comprehend complex language concepts. The psychologist diagnosed Osborne as a caretaker personality, i.e., one that responds quickly to disapproval and in a manner that will elicit approval. She doubted that Osborne had understood what took place during the interrogation.

Osborne also took the stand, and the trial court observed that he had difficulty answering all but the simplest of questions. Osborne acknowledged his signature on the waiver form, but he also stated that he cannot read, did not know what he had signed, and had signed the form only because the sheriff had wanted him to do so. When asked what it meant to waive one's rights, Osborne demonstrated by lifting his arm and waving at the trial court. At the hearing, Osborne claimed that he would not have talked with the sheriff or the sheriff's wife, had he known he could have had an attorney with him. *Held*:

The state has the burden of proving by a preponderance of the evidence that a confession or incriminating statement was given voluntarily. *Jones v. State*, 245 Ga. 592, 598 (266 SE2d 201) (1980). Unless clearly erroneous, the trial court's findings as to factual determinations and credibility relating to the admission of a confession will be accepted on appeal. *Cofield v. State*, 247 Ga. 98, 108 (274 SE2d 530) (1981); *Gates v. State*, 244 Ga. 587 (261 SE2d 349) (1979).

In this case, the trial court correctly noted that mental retarda-

tion, lack of education, and illiteracy, standing alone, will not invalidate a waiver of a defendant's rights. *Moses v. State*, 245 Ga. 180, 186 (263 SE2d 916) (1980); *Donaldson v. State*, 249 Ga. 186, 189 (289 SE2d 242) (1982). However, considering the totality of the circumstances and the demeanor of the witnesses, the trial court concluded that the state had not shown by a preponderance of the evidence that Osborne's confused answers recorded at the end of the interrogation were voluntary and untainted by any suggestion during the unrecorded interrogation. Under the evidence adduced in this case, the trial court's finding was not clearly erroneous, and we are thus constrained to affirm the order suppressing Osborne's statement recorded during the interrogation on August 3, 1984.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 9, 1985.

*Bruce L. Udolf, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellant.
*D. Thomas LeFevre*, for appellee.