## S94G0818. THE STATE v. HATCHER.
### (448 SE2d 698)

HUNSTEIN, Justice.

James Hatcher was arrested on March 11, 1992 by the Dougherty County Sheriff in connection with a burglary which occurred in Mitchell County. At the time of his arrest he was advised of his *Miranda* rights but did not indicate whether he desired to waive these rights nor did he make any statements to the police. Hatcher was transported to the Mitchell County jail and during the booking procedure he completed an "eligibility affidavit form." This form contains an introductory paragraph which provides, inter alia:

> I CANNOT afford a lawyer to assist me. I DO WANT the Court to provide me with a lawyer. I understand that I am providing this information under oath in order for the Court to determine my eligibility for a court-appointed lawyer to defend me on the above charge(s).[1]

---

[1] Hatcher's request pursuant to this form for court-appointed counsel was denied on

A review of the document in the record reflects that it is essentially a financial statement made for the purpose of informing the Mitchell County Indigent Defense Program of an accused's financial condition in order to determine whether the accused is qualified for court-appointed counsel. The genesis of the form is Uniform Superior Court Rule 29 which provides for appointment of counsel for indigent defendants "in criminal proceedings" upon application and certification of financial resources. See also OCGA § 17-12-4 (requiring courts to provide for the representation of indigent persons in criminal proceedings).

After completing the form as part of the booking procedure, Hatcher gave no indication to the police that he desired an attorney. Two days later, on March 13, 1994, a police investigator conducted a custodial interview, during which Hatcher, after being advised of his *Miranda* rights and stating he understood those rights, signed a form waiving those rights. Hatcher confirmed these matters at the onset of the audiotaped portion of the interrogation, after which the questioning turned to the events surrounding the burglary. Hatcher confessed to the officer that he participated in the crime.

Hatcher was subsequently indicted and unsuccessfully sought to suppress his confession on the ground that he had invoked his right to counsel when he executed the form so that the "continuation" of his interrogation on March 13 was impermissible. The Court of Appeals reversed, citing *Edwards v. Arizona,* 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981) (a defendant who invokes the Fifth Amendment right to counsel during custodial interrogation may not be subjected to further interrogation until counsel is made available to him, unless he subsequently initiates communication) and concluded that because "the initial affidavit contained a clear and unequivocal request for counsel" Hatcher could not be subjected to further interrogation. *Hatcher v. State,* 212 Ga. App. 46, 47 (441 SE2d 673) (1994). We granted the state's petition to review that ruling and reverse the Court of Appeals.

The form executed by Hatcher constituted a request for court-appointed counsel once judicial proceedings were initiated for Sixth Amendment purposes and did not constitute an invocation of the right to counsel for Fifth Amendment purposes. The distinction between the rights afforded under the Fifth and Sixth Amendments has been carefully delineated by the United States Supreme Court. In order to give effect to the Fifth Amendment privilege against self-incrimination, that amendment has been interpreted as entitling a suspect to the assistance of counsel during custodial interrogation; if the

March 17, 1992, but a second request was granted on May 16, 1992.

suspect, at any time, invokes the right, the police must immediately cease questioning. *Edwards v. Arizona,* supra at 484-485; *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The Sixth Amendment, on the other hand, addresses an accused's right in all criminal prosecutions to have the assistance of counsel for his defense and "attaches only at the initiation of adversary criminal proceedings. . . . [B]efore [judicial] proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel." *Davis v. United States,* 512 U. S. ___ (114 SC ___, 129 LE2d 362, 369-370) (1994). See also *Moran v. Burbine,* 475 U. S. 412 (106 SC 1135, 89 LE2d 410) (1986).

It is apparent that the form at issue was offered by the police and completed by appellant as a housekeeping measure; not for the questioning which was to take place a few days later, but as a prospective request for counsel "when the government's role [would shift] from investigation to accusation." Id. at 430. In our view, the form was promulgated to satisfy an accused's Sixth Amendment right to counsel and cannot reasonably be read to constitute an invocation of right to counsel for purposes of the Fifth Amendment.[2] Moreover, it is apparent that Hatcher did not regard the form as an invocation of counsel for Fifth Amendment purposes, in that notwithstanding receiving the *Miranda* warnings before he completed the form, at no time in his dealings with the police did he indicate a desire for counsel. In fact, in this instance, there existed an explicit waiver.

Because the form did not constitute an invocation of the right to counsel for Fifth Amendment purposes, the statement given to the police while in custody was not taken in violation of Hatcher's constitutional rights. And, because at the time Hatcher completed the form it is uncontradicted that no adversarial criminal proceeding had been initiated against him, no Sixth Amendment concerns had yet come into play. *McNeil v. Wisconsin,* 501 U. S. 171 (111 SC 2204, 115 LE2d 158) (1991); *State v. Simmons,* 260 Ga. 92 (390 SE2d 43) (1990).[3]

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 17, 1994.

*J. Brown Moseley, District Attorney, David T. Lock, Assistant District Attorney,* for appellant.

---

[2] Compare *Roper v. State,* 258 Ga. 847 (375 SE2d 600) (1989), wherein our holding was predicated on the State's concession that the defendant's Fifth Amendment right to counsel had been invoked by his execution of a form requesting a public defender. Id. at 849.

[3] There exists no issue of any violation of appellant's Sixth Amendment right to counsel inasmuch as counsel was appointed prior to commencement of the criminal prosecution.

*Joseph F. Bertollo,* for appellee.
*John O. Ellis, Jr.,* amicus curiae.