## A98A1838. BECK v. THE STATE.
(510 SE2d 368)

Judge Harold R. Banke.

Lonnie Ray Beck was convicted of the offenses of aggravated battery and aggravated assault for shooting his wife. On appeal, Beck asserts three errors all of which relate to his own incriminating custodial statement.

The underlying case arose after Beck, his wife, and his brother, Billy Beck, had consumed large amounts of beer and liquor while listening to country music. Before and during the trial, the three Becks offered divergent and inconsistent versions of the salient events. Notwithstanding a subsequent retraction, while in custody and after being advised of his rights under *Miranda*, Beck confessed that during a fight he became angry with his wife, went to the bedroom and retrieved his pistol from its hiding place. Beck then returned to the living room and shot his wife in the back with the .357 handgun.

Beck emptied out the remaining shells then instructed his brother to hide the gun. According to his witnessed statement, Beck confessed, "I shot Mary Ruth because I was mad and fighting with her, not because I was planning to murder her."

The trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) to determine the voluntariness of Beck's confession and whether the statement was taken after Beck had invoked his right to counsel. The interrogating officer, GBI Special Agent Wayne White, testified that prior to taking the statement he advised Beck of his constitutional rights and methodically proceeded question by question down the standard waiver form. According to White, Beck indicated that he fully understood his rights and at no time stated that he wanted to talk to an attorney before making the statement. White further testified that he did not threaten, coerce, or intimidate Beck or promise anything to him.

Five days before this interview, Beck had completed an application for court-appointed counsel. Beck argued that after the submission of this application, the State could not question him without the presence of counsel. Also, according to Beck, he had asked White, "[w]hen can I see my lawyer?" or "[w]hen could I see my lawyer?"

The trial court determined that Beck's application for appointed counsel was a request for an attorney within the meaning of the Sixth Amendment for assistance in proceedings and at trial. The court did not find that Beck's inquiry about when in the future he could see a lawyer constituted an invocation of the Fifth Amendment right of counsel. *Held*:

1. Beck contends that the trial court erred in finding that his custodial statement was freely and voluntarily made because he is barely literate and was not in control of himself at the time of the interview due to worry, stress, and lack of sleep.

No evidence was presented at the suppression hearing that Beck is mentally retarded or lacked the capacity to consent. *Raulerson v. State*, 268 Ga. 623, 625-626 (2) (a) (491 SE2d 791) (1997). See *Denney v. State*, 170 Ga. App. 692, 693 (1) (318 SE2d 85) (1984). Beck initialed in the appropriate spaces and signed his name at the bottom of the waiver form. Beck's reading ability, even if limited, did not render his confession inadmissible. *State v. Osborne*, 174 Ga. App. 521-522 (330 SE2d 447) (1985) (lack of education or illiteracy will not invalidate an otherwise valid waiver). Because the evidence supports the trial court's finding that the statement was voluntary, we find no error. *Bright v. State*, 265 Ga. 265, 280 (5) (b) (455 SE2d 37) (1995).

2. Beck's contention that the admission of the confession violated his Fifth and Sixth Amendment rights is without merit.

A defendant who invokes the Fifth Amendment right to counsel

during a custodial interrogation cannot be subjected to further questioning until counsel is made available or unless the defendant subsequently initiates communication. *State v. Hatcher*, 264 Ga. 556, 557 (448 SE2d 698) (1994); *Davis v. United States*, 512 U. S. 452 (114 SC 2350, 129 LE2d 362) (1994); see *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). As a protection against self-incrimination, if the suspect invokes his right to counsel, the questioning must cease.

However, the mere completion of an application to obtain appointed counsel, without more, is not sufficient to invoke the Fifth Amendment right. *Hatcher*, 264 Ga. at 557. The Fifth Amendment right to assistance of counsel during custodial interrogations is triggered by a suspect's invoking that right. *Hatcher*, 264 Ga. at 557-558. This, Beck failed to do. White testified that Beck did not request the presence of an attorney at any time. Nor did Beck's inquiry about when in the future he could see a lawyer expressly indicate that Beck desired counsel to be present before making a statement. Beck initialed and signed the waiver form that he understood his rights. Factual and credibility findings made by a trial court, as here, pursuant to a suppression hearing, must be accepted unless clearly erroneous. *Cox v. State*, 248 Ga. 713 (1) (285 SE2d 687) (1982). Here, we find no error.

The right to assistance of counsel under the Sixth Amendment attaches only at the initiation of adversarial proceedings. *Hatcher*, 264 Ga. at 558. Because at the time of the custodial interrogation no adversarial proceedings had yet been initiated, no Sixth Amendment concerns had yet come into play. Id. See *State v. Simmons*, 260 Ga. 92, 94 (390 SE2d 43) (1990) (defendant's right to presence of counsel triggered by critical stage of prosecution).

3. Beck claims that the court erred in charging the jury that it could consider the legality of his detention in determining the voluntariness of his confession.

The court instructed the jury that it could consider "the legality, duration and conditions of detention as one factor relevant to the question of whether or not a statement was made; and, if so, if it was freely and voluntarily made." Beck contends that by combining "legality," "duration," and "conditions" into one factor, the jury was deprived of the opportunity to consider each factor separately.

But in his sole objection, Beck excepted only to part of the following sentence: "[h]owever, under our law in order for a statement to be excluded because of illegal detention, it must be shown that the statement was, in fact, induced by such illegal detention." Thus, Beck failed to object to that part of the charge combining the three factors which he now claims was error. Where an entirely different objection is argued in a brief, as here, than was asserted at trial, we will not

consider it. *Ellison v. State*, 216 Ga. App. 639, 641 (3) (455 SE2d 361) (1995); *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994) (issue not raised at trial cannot be asserted for the first time on appeal).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 9, 1998.

*Sorgen & Schindelar, Lawrence S. Sorgen*, for appellant.
*Darrell E. Wilson, District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.