## A99A1480. HARPS v. THE STATE.
(522 SE2d 504)

BARNES, Judge.

After a stipulated bench trial, Antwain Maurice Harps was convicted of hijacking a motor vehicle. For the reasons that follow, we affirm.

1. Harps contends that the trial court erred in admitting his written confession because he had invoked his right to counsel and all questioning should have ceased. The trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine the voluntariness of Harps' confession and whether the statement was taken after Harps invoked his right to counsel.

The interrogating officer testified that prior to taking the statement, she advised Harps of his constitutional rights and proceeded question by question down the standard waiver form. According to the officer, Harps indicated that he fully understood his rights and at no time requested an attorney before making the statement. The officer testified that she did not threaten, coerce, or intimidate Harps or promise anything to him. She attested that at no point did Harps request that the interview cease. During the questioning about the armed robbery of a bank in Griffin, Harps spontaneously injected information about a car jacking he had committed at gunpoint before

the bank robbery.[1] Harps provided a detailed confession to a second investigator, describing specifically how he and his cousin committed a car jacking in Clayton County before proceeding to rob the bank. After implicating himself in both crimes, Harps signed a typed copy of his confession which a secretary had transcribed. The second investigator also testified that Harps never asked for an attorney.

Harps testified that although he immediately told the first investigator that he wanted a lawyer, this request was disregarded. He claimed that he informed police that he wanted a lawyer present before answering any questions or signing anything. He asserted that protracted and continuous questioning by local police and federal agents wore him down. By his version of events, Harps did not make his incriminating remarks freely and did not read the statement before signing it. Notwithstanding the testimony of Harps, the court determined that the statement was admissible. The court also noted that it did not find Harps' testimony believable.

A defendant who invokes the Fifth Amendment right to counsel during a custodial interrogation cannot be subjected to further questioning until counsel is made available or unless the defendant subsequently initiates communication. *Mosher v. State*, 268 Ga. 555, 558 (3) (491 SE2d 348) (1997). To protect against violations of the right against self-incrimination, if the suspect invokes his right to counsel, the questioning must cease. *Beck v. State*, 235 Ga. App. 707, 709 (2) (510 SE2d 368) (1998).

Harps signed and initialed the waiver form indicating that he understood his rights including his right to an attorney. Although Harps now claims that he asked for a lawyer, the officers testified otherwise. Credibility determinations made by a trial court during a suppression hearing must be accepted unless clearly erroneous. *Cox v. State*, 248 Ga. 713 (1) (285 SE2d 687) (1982). Here, based upon the record before us, we cannot say that the court clearly erred.

2. Harps contends that his written confession was inadmissible because his waiver of rights was not voluntarily and knowingly made. The waiver form, however, shows that Harps signed his name at the bottom and also signed an extremely elaborate confession. The officers testified that Harps seemed to fully understand the situation, spoke freely, and was "very agreeable." According to Parks, "[Harps] started talking and he just wouldn't stop." Because the evidence supports the trial court's factual finding that the statement was voluntary, we find no error in the court's ruling. *Bright v. State*, 265 Ga. 265, 280 (5) (b) (455 SE2d 37) (1995).

---

[1] When Harps was apprehended as a suspect in the bank robbery, he possessed money from the bank and a handgun.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 1999.

*Richard Genirberg*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.