## A02A0542. TATE v. THE STATE.
(560 SE2d 303)

JOHNSON, Presiding Judge.

A jury found James Tate guilty of burglary. In three enumerations of error, Tate complains of (1) the admission of hearsay in two instances, (2) insufficient proof of ownership of the items stolen, and (3) the jury instructions on intent to steal. Because we find no error, we affirm Tate's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that police responded to a call of "glass breaking, a possible prowler on the scene." A witness at the scene indicated to officers that Tate was crouched between parked cars. The officers looked between the cars and then saw Tate run and jump a fence. He was carrying a cardboard box and a wooden handle. In court, an officer identified Tate as the man running down the alley with the box and wooden handle. In addition, the witness identified Tate as the man she observed holding an axe seconds before she heard the sound of broken glass. Officers recovered the cardboard box and wooden handle where they observed Tate disappear into some bushes and reappear on the sidewalk empty-handed. The owner of the store with a broken window identified clothes in the cardboard box as those stolen from her store.

1. Tate's first enumeration of error contends the trial court twice erred in admitting hearsay. In each instance, over Tate's hearsay objection, a police officer was permitted to testify that the eyewitness positively identified Tate as the male she saw break the store win-

dow. Tate raises two complaints about this testimony: (1) that it is hearsay, and (2) that it is beyond the scope of the witness' testimony to the extent that it refers to her seeing Tate break the glass.

First of all, the trial court properly permitted the testimony over Tate's hearsay objection. Testimony of a pre-trial identification of an accused is admissible as long as the declarant testifies at trial and is available for cross-examination.[1] Since the witness in the present case testified at trial and was available for cross-examination, the trial court did not err in admitting evidence of her positive pre-trial identification of Tate as the man she saw with the axe.

As for Tate's argument that the officers' testimony exceeded the witness' testimony, Tate has waived this argument because no contemporaneous objection was made on this ground. "Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make."[2] Because Tate failed to specifically object to the testimony on the ground that it exceeded the scope of the eyewitness' testimony, he may not raise that objection for the first time on appeal.

2. Tate asserts there is insufficient proof that the clothes found in the bushes where Tate disappeared were the same clothes stolen from the store with the broken window. We disagree. The evidence shows that Tate was caught fleeing the scene with a box of clothes and a wooden handle, moments after the store's glass window was broken. Moreover, the store owner accepted the items recovered by the police and returned them to her store, authorizing the conclusion that these items were stolen from her store.[3] The evidence was sufficient for a jury to conclude that the clothing in the cardboard box was stolen from the store with the broken window and that Tate stole the clothing.[4] Tate's reliance on *Caldwell v. State*[5] is misplaced because in *Caldwell* the stolen bicycle was not recovered, and the victim testified that the bicycle which the defendant possessed at the time of his arrest was not hers.

3. Tate's final enumeration of error complains of the jury instruction authorizing an inference of the intent to steal where evidence shows an unlawful entry into a building where valuable goods are stored inside and no other motive is apparent. Tate argues this jury charge is burden-shifting. A similar argument was recently rejected

---

[1] *White v. State*, 273 Ga. 787, 789 (2) (546 SE2d 514) (2001).

[2] (Citations and punctuation omitted.) *Allison v. State*, 217 Ga. App. 580, 582 (2) (459 SE2d 557) (1995).

[3] *Chester v. State*, 144 Ga. App. 717-718 (242 SE2d 356) (1978).

[4] See *Abernathy v. State*, 214 Ga. App. 364, 365 (1) (448 SE2d 30) (1994); *Shaw v. State*, 211 Ga. App. 647, 648-649 (440 SE2d 245) (1994).

[5] 183 Ga. App. 110 (357 SE2d 845) (1987).

by the Supreme Court of Georgia in *Thomas v. State*,[6] where the defendant claimed the court's charge on recent possession of stolen goods improperly allowed the jury to infer that he committed murder. The jury charge given is a correct statement of the law and does not absolve the state from its burden of proof.[7] We find no error.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 13, 2002 — 

*Jennifer R. Kiser*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellee.

---

[6] 274 Ga. 156, 163-164 (9) (549 SE2d 359) (2001).
[7] *Miller v. State*, 208 Ga. App. 547-548 (1) (430 SE2d 873) (1993); *Moon v. State*, 208 Ga. App. 540, 542 (2) (431 SE2d 128) (1993).
[1] *Bacon v. State*, 249 Ga. App. 347, 348-349 (1) (548 SE2d 78) (2001).
[2] OCGA § 24-4-8.