A02A0420. WOODARD v. THE STATE.
(568 SE2d 528)

PHIPPS, Judge.

Eric Arnold Woodard was tried by a jury and convicted of armed robbery. On appeal, he claims that the trial court erred by admitting his custodial statement and by improperly charging the jury on armed robbery. He further claims that his trial counsel was ineffective. Because we find that Woodard's statement was improperly admitted in violation of his Fifth Amendment right to counsel, we reverse. We find no error in the jury charge. Woodard's remaining claims are moot.

Evidence presented at trial showed that on May 20, 1997, Woodard drove through a McDonald's drive-through, ordered a cheeseburger and handed the cashier a dollar bill and a note that read, "Give me the money. I've got a gun." The cashier testified that the person who handed her the note also pointed a small gun at her. She then gave him the entire cash drawer. The driver of the car behind Woodard noted his license plate number and provided it to the store manager, which ultimately led to Woodard's arrest.

Woodard testified at trial and admitted that he had robbed the McDonald's drive-through window cashier, but denied pointing a gun at her. He claimed that the toy water pistol he intended to use had fallen on the floor of the car when he pulled up to the drive-through window and that he was actually holding a cassette tape when the cashier looked into his car.

Woodard was arrested on July 7, 1997. The Gwinnett County Magistrate Court conducted a first appearance hearing and provided Woodard with appointed counsel in an order dated August 7, 1997.[1] On August 9, Gwinnett County Police Detective Tim Beining went to talk to Woodard at the Gwinnett County Jail, where he was being held. Beining read Woodard his *Miranda* rights, obtained a written waiver of those rights and proceeded to interrogate him. Woodard admitted his involvement in the McDonald's robbery as well as several other robberies. He stated that during the McDonald's robbery, he lifted his gun high enough so that the cashier could see it but not so high that she could tell it was not real. Woodard also stated that he was addicted to cocaine. Beining acknowledged that he knew Woodard had been appointed counsel when he went to talk to him.

Woodard sought to suppress his statement on the ground that he had invoked his right to counsel before he gave the statement. After conducting a *Jackson-Denno*[2] hearing, the trial court ruled that Woodard gave his statement freely and voluntarily, after being advised of his *Miranda* rights, and denied Woodard's motion. In its order, the trial court noted that Woodard testified that he had asked to speak with his court-appointed attorney before he gave his statement, but that Beining denied that any such request had been made. The trial court resolved this factual dispute in the State's favor and, on motion for new trial, specifically ruled that Woodard had not invoked his right to counsel.

1. Woodard claims that the trial court erred by denying his motion to suppress his custodial statement.

In the context of the Fifth Amendment right to counsel, "once a defendant requests an attorney, all police-initiated interrogation is prohibited, and any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid."[3] Although the record does not contain direct evidence that Woodard requested an attorney at the first appearance hearing, we assume from the appointment of counsel that Woodard invoked his right thereto.[4] "A defendant who has invoked his right to counsel may waive the right by initiating further communication with the police and knowingly and intelli-

---

[1] The State argues that the first appearance hearing order should not be considered because it was not part of the record considered by the trial court. Because it is undisputed that Woodard had appointed counsel before he provided a statement to the police, we need not address this issue.

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] *Housel v. State*, 257 Ga. 115, 121 (1) (d) (355 SE2d 651) (1987).

[4] See id. at 121 (1) (c); *Borders v. State*, 270 Ga. 804, 808 (3) (514 SE2d 14) (1999); compare *Ross v. State*, 254 Ga. 22, 24-26 (3) (a) (326 SE2d 194) (1985) (statement obtained after "first appearance" but before counsel was retained was admissible; defendant rejected representation by the public defender and requested additional time to retain counsel of his choice).

gently waiving the right to counsel and the right to remain silent."[5] It is undisputed that Woodard did not initiate further communication with the police, but rather that Beining tracked him down at the jail to obtain a statement. Thus, any waiver of Woodard's right to counsel was invalid. The trial court erred by admitting the statement he made to Beining.[6]

Having found constitutional error, we must determine if that error was harmless beyond a reasonable doubt.[7] We conclude that it was not. Woodard's statement detailed his involvement in the McDonald's robbery as well as several other robberies and acknowledged a cocaine addiction. The statement also contradicted his trial testimony (and his only defense) that he did not have a gun in his hand when he approached the McDonald's drive-through window. We cannot say that the admission of the statement did not contribute to the jury's verdict.[8]

2. Woodard challenges the following jury charge: "Armed robbery may [be] committed by use of constructive force; that is, it is not necessary that a weapon alleged to have been used in an armed robbery was actually pointed at an alleged victim." He argues that the charge was confusing and not authorized by the evidence.

The charge given by the trial court was a correct statement of the law[9] and was authorized by the evidence. Although the cashier testified otherwise, Woodard denied that the gun was in his hand and pointed at her at the time of the robbery. Moreover, the charge as a whole, which included the suggested pattern instructions on armed robbery and the lesser included offense of robbery by intimidation,[10] was not likely to confuse the jury.[11]

3. Given our holding in Division 1, we need not address Woodard's ineffective assistance of counsel claims.[12]

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 24, 2002 —
RECONSIDERATION DENIED JULY 11, 2002 ▮▮▮▮▮▮▮▮▮

*Chandler & Britt, Deborah F. Weiss*, for appellant.

---

[5] *Borders*, supra.

[6] See *Roper v. State*, 258 Ga. 847, 851 (1) (c) (375 SE2d 600) (1989).

[7] Id. at 852.

[8] See id.

[9] *Hughes v. State*, 185 Ga. App. 40 (363 SE2d 336) (1987).

[10] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), pp. 116-117.

[11] See generally *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).

[12] *Brandon v. State*, 241 Ga. App. 887, 890 (528 SE2d 809) (2000).

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.