**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 14, 2014**

# In the Court of Appeals of Georgia

A13A1705. TAYLOR v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial Handy Taylor, Jr. was convicted of burglary and sentenced to twenty years, with ten to serve. He appeals from the denial of his motion for new trial and contends that the evidence was insufficient to sustain his conviction. Upon our review, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence."(Citation and punctuation omitted). *Schneider v. State*, 312 Ga. App. 504 (718 SE2d 833) (2011).

So viewed, the evidence shows that at approximately 1 a.m. on April 6, 2008, several officers with the Macon Police Department responded to an alarm from a Pier 1 store and while there were notified about another suspected burglary at Butler

Toyota which was located across the street. The security guard at Butler Toyota told officers that while he was patrolling the dealership, he observed a man climbing out of a building on the lot. He confronted the man and told him to stop, but the man ran away. The security guard called police as he was confronting the man. He testified that when the man ran away, he saw him hit the window of the Pier 1 store and continue running behind the store. He described the man as a short "[w]ith white hair and a white beard" and was about his same height of 5'2". One of the officers recognized the suspect from the description and identified him as Taylor. He testified that when the suspect was described as "unusually short with bright white hair and a bright white beard . . . I thought, that's Handy Taylor." Taylor was picked up at his residence approximately an hour after the incident and driven back to Butler Toyota where the security guard positively identified him as the man he saw crawling out of the window.

On appeal, Taylor contends that the evidence was insufficient to show that he had the intent to commit a felony or theft inside the building he was seen leaving. He maintains that there was no evidence presented that there was anything of value contained in the building and that there must be some testimony regarding valuable

items being contained in the building to establish the necessary element of intent to sustain a conviction for burglary.

Burglary is committed "when, without authority and with the intent to commit a felony or theft therein, [a person] enters or remains within the dwelling house of another or any building . . . or other such structure designed for use as the dwelling of another or enters or remains within any other building . . . or any room or any part thereof." OCGA § 16-7-1 (a) (2008).[1]

> Whether the defendant entertained an intent to commit a theft after entering is a matter for the jury to say, under the facts and circumstances proved. As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper.

*Nelson v. State*, 277 Ga. App. 92, 95 (1) (a) (625 SE2d 465) (2005). It is true as Taylor maintains that an inference of intent to steal may be raised "where evidence shows an unlawful entry into a building where valuable goods are stored inside and no other motive is apparent." *Tate v. State*, 253 Ga. App. 723, 724 (3) (560 SE2d 303)

---

[1] The statute was significantly amended in 2012, however, "[a]ny offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense." Ga. L. 2012, Act 709, § 3-1.

(2002). However, intent may be inferred from other evidence as well. *Adams v. State*, 284 Ga. App. 534, 535 (1) (644 SE2d 426) (2007). "Intent may be found by the jury upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is being prosecuted." (Footnote omitted.) *Palmer v. State*, 243 Ga. App. 656, 657 (533 SE2d 802) (2000).

In *Adams,* even though there was no evidence that any items were taken or that valuable goods were stored on the premises, we held that "the jury could infer an intent to steal based on the evidence of an unlawful entry into a building housing an operating business." (Footnote omitted.) *Adams*, 284 Ga. App. at 535-536 (1). Likewise, although there was no evidence presented in this case that valuable items were located in the building, the jury could infer intent from evidence that the building was located on the lot of an "operating business" which would customarily contain items of value, that Taylor crawled out of the window during a time when the business was closed, and that he ran when he was confronted by the security guard. See *Harris v. State*, 322 Ga. App. 122, 124-125 (4) (744 SE2d 111) (2013) (although nothing taken from school gymnasium, intent to steal could be inferred because "it is well known that buildings contain valuable materials such as copper wire and pipes and that these materials are often stolen.")

Thus, the evidence was sufficient to prove intent, and a rational trier of fact could have found the essential elements of burglary beyond a reasonable doubt.

*Judgment affirmed. Miller and Ray, JJ., concur.*