**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 23, 2020**

# In the Court of Appeals of Georgia

A20A0919. EDWARDS v. THE STATE.

MARKLE, Judge.

Following a jury trial, Connie Edwards was convicted of child molestation (OCGA § 16-6-4 (a)), rape (OCGA § 16-6-1), and incest (OCGA § 16-6-22). On appeal from the trial court's denial of his motion for new trial, he (1) challenges the sufficiency of the evidence supporting his rape conviction; and (2) contends that the trial court erred by (a) denying his motion to suppress his custodial statements, and (b) admitting evidence of other acts of child molestation under OCGA § 24-4-414. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that, in June 2015, Edwards babysat the victim, his then-six-year-old granddaughter, at his home. Two

weeks later, the victim's mother noticed that the victim was walking abnormally, and, after she inquired, the victim disclosed to her that Edwards "had took his thing out and he had put it between her legs." Her mother immediately took the victim to the emergency room where she was diagnosed and treated for a vaginal infection, and the police were notified. But Edwards fled the jurisdiction before officers were able to contact him.

During a forensic interview, the victim disclosed that Edwards had put his penis inside her vagina, and that it hurt. Approximately one month after the disclosure, the victim was given a sexual assault exam, the results of which were normal.

Months later, Edwards was discovered in Missouri, where he had been arrested for allegedly molesting a nine-year-old girl, S. H., whom Edwards viewed as a granddaughter. Edwards submitted to two custodial interviews in Missouri – the first regarding S. H.'s allegations, and the second regarding the victim's – during which he admitted to the conduct alleged by both girls and wrote apology letters to them. S. H. tragically died from unrelated causes before Edwards could be tried in her case.

Prior to the trial in the present case, the State filed notice of its intent to submit to the jury evidence of Edwards's other acts of child molestation. After hearing

2

argument, the trial court admitted the evidence regarding S. H.'s allegations, pursuant to OCGA § 24-4-414 ("Rule 414"), and admitted Edwards's custodial statements after finding they were freely and knowingly given.

At trial, the victim's testimony was consistent with her prior disclosures. Her forensic interview was admitted into evidence and played for the jury. The child advocate who conducted the interview opined that the victim's behavior and presentment were indicative of a child that suffered a traumatic event; the victim did not exhibit signs of coaching; and she was consistent in her descriptions of Edwards's penis penetrating her vagina. A medical expert, who reviewed the report from the victim's sexual assault exam, opined that the negative results could be attributed to the month-long delay before the victim was tested, and concluded that she could not say with certainty that the victim was *not* raped based on the results. Edwards did not testify, but his apology letters and his interviews with the Missouri detective were admitted into evidence and played for the jury.

The jury convicted Edwards on all counts. Edwards filed a motion for new trial, raising the grounds now enumerated on appeal. Following a hearing, the trial court denied the motion, and this appeal followed.[1]

1. Edwards first challenges the sufficiency of the evidence to support his conviction for rape, arguing that the State failed to prove the essential element of penetration because the result of the sexual assault examination was negative, and the similar transaction evidence did not show S. H. was raped.[2] This argument is meritless.

> In resolving [Edwards's] challenge to the sufficiency of the evidence, we view the evidence in a light favorable to the jury's verdict. Weighing the evidence and determining witness credibility are beyond the purview of this court. We simply assess whether the evidence was sufficient to find [Edwards] guilty beyond a reasonable doubt.

(Citation omitted.) *Atkins v. State*, 342 Ga. App. 849 (805 SE2d 612) (2017).

Pursuant to OCGA § 16-6-1 (a) (2), "[a] person commits the offense of rape when he has carnal knowledge of . . . [a] female who is less than ten years of age."

---

[1] Due to a filing error with his notice of appeal, Edwards filed a motion for out-of-time appeal, which the trial court granted.

[2] Edwards does not challenge the sufficiency of the evidence with regard to his child molestation and incest convictions. Nevertheless, the evidence recounted above was sufficient to support these convictions. See OCGA § § 16-6-22 (May 20, 2010); 16-6-4 (a).

The statute defines "carnal knowledge" as "any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1 (a). As we have explained, "[t]he necessary penetration need be only slight and may be proved by indirect or circumstantial evidence." (Citations omitted.) *Mayes v. State*, 336 Ga. App. 55, 58 (1) (783 SE2d 659) (2016).

Here, the victim testified that Edwards put the part of his body that would be covered by a swimsuit inside the lower part of her body that would be covered by a swimsuit. This testimony alone was sufficient to prove the penetration element of the rape charge. See *Garner v. State*, 346 Ga. App. 351, 355 (1) (816 SE2d 368) (2018) (finding the victim's testimony alone was sufficient to support the rape conviction, and noting "corroborating evidence is not required."); see also *Mack v. State*, 338 Ga. App. 854, 856 (1) (792 SE2d 120) (2016) (victim's testimony that she did not consent to have sex with defendant was sufficient to sustain rape conviction); OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."). And, although corroboration is not required under Georgia law, the forensic interviewer testified that the victim disclosed that Edwards penetrated her vagina with his penis. See *Glaze v. State*, 317 Ga. App. 679, 681 (1) (732 SE2d 771) (2012)

5

(noting "the General Assembly long ago removed the corroboration requirement from the rape statute.").

To the extent that there were inconsistencies in the evidence, such was for the jury to resolve.[3] *Seals v. State*, 350 Ga. App. 787, 789-790 (1) (830 SE2d 315) (2019). On this record, the evidence was sufficient to support the rape conviction.

2. Edwards next argues that the trial court erred in admitting his custodial statements because he did not freely and knowingly waive his *Miranda*[4] rights. Specifically, Edwards contends the investigator improperly offered him an inducement to obtain the first waiver, and then ignored his request for an attorney when obtaining the second waiver. We discern no error.

> A defendant may waive his rights under *Miranda*, provided the waiver is made voluntarily, knowingly and intelligently. Only if the totality of the circumstances surrounding the interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. A statement by an interrogating agent that contradicts the *Miranda* warnings is a circumstance that can indicate a suspect did not knowingly and intelligently waive his rights. Although we defer to the trial court's

---

[3] Notably, the forensic nurse explained the significance of the negative results of the sexual assault exam, attributing them to the delay between the rape and the exam; and she opined that the results *did not* rule out the possibility that the victim had been penetrated.

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

findings of disputed facts, we review de novo the trial court's application of the law to the facts.

(Citations and punctuation omitted.) *Young v. State*, __ Ga. __ (2) (a) (847 SE2d 347, 353 (2) (a)) (2020). And we will not disturb a trial court's ruling regarding the voluntariness of a defendant's *Miranda* waiver unless clearly erroneous. Id. at 353-354 (2) (a). With these principles in mind, we turn to Edwards's specific claims, concluding that neither has merit.

a. *The first interview*.

Edwards contends that the statements he made during his first interrogation should have been suppressed because they were induced by the detective's promise that he would receive counseling. We disagree.

Pursuant to OCGA § 24-8-824, in order for a confession to be admissible, it must "have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

> It has long been understood that "slightest hope of benefit" refers to promises related to reduced criminal punishment – a shorter sentence, lesser charges, or no charges at all. By contrast, exhortations or encouragement to tell the truth and comments conveying the seriousness of a suspect's situation do not render his subsequent statements involuntary.

7

(Citations and punctuation omitted.) *Reed v. State*, 307 Ga. 527, 533 (2) (a) (837 SE2d 272) (2019).

At the *Jackson-Denno*[5] hearing, the detective testified that he initially interviewed Edwards regarding the case in Missouri involving S. H.; that he advised Edwards of his *Miranda* rights at the beginning of the interview; and that he obtained Edwards's signature on a waiver form. The detective further testified that he did not promise Edwards anything in exchange for his statements, nor did he coerce or threaten Edwards.

Our review of the videotaped interview confirms the detective's testimony.[6] Approximately fifteen minutes before Edwards confessed to touching S. H., the detective stated that his primary concern was providing services to S. H., and then he noted that Edwards might need counseling as well. Even if this remark could be interpreted as a promise to provide Edwards with counseling, such a promise would not result in the interview's exclusion. OCGA § 24-8-825 ("The fact that a confession

---

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[6] "Although we typically defer to the trial court's factual findings in this context, when, as here, the controlling facts are not in dispute, because they are discernible from a video, our review is de novo." *Licata v. State*, 305 Ga. 498, 501 (1), n. 2 (826 SE2d 94) (2019); see also *State v. Andrade*, 342 Ga. App. 228, 228-229 (803 SE2d 118) (2017).

8

has been made under a . . . promise of collateral benefit shall not exclude it."); see also *Pittman v. State*, 277 Ga. 475, 478 (2) (592 SE2d 72) (2004) (custodial statements were admissible where detective admonished defendant to tell the truth, otherwise, the police "can't help you like this."). Nowhere in the interview did the detective promise a reduction in the charges or the potential sentence in exchange for the confession. As such, Edwards's confession was not wrongly induced, and the trial court correctly found that his *Miranda* waiver was voluntary and knowing. See *Reed*, 307 Ga. at 533 (2) (a).

b. *The second interview*.

Edwards contends that the statements he made during his second interrogation should have been suppressed because he requested legal counsel at the outset. We are not persuaded.

> It is well established that a suspect who asks for a lawyer at any time during a custodial interrogation may not be subjected to further questioning by law enforcement until an attorney has been made available or until the suspect reinitiates the conversation. To invoke this right, however, a suspect must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. However, the mere mention of the word 'attorney' or 'lawyer' without more, does not automatically invoke the right to counsel. Moreover, even a comment that a suspect would like counsel to be present in the future is not a clear and unambiguous request for counsel.

9

(Citations and punctuation omitted.) *Dozier v. State*, 306 Ga. 29, 35 (4) (b) (829 SE2d 131) (2019). And we view Edwards's comments in context. *Reaves v. State*, 292 Ga. 582, 586 (2) (b) (740 SE2d 141) (2013).

Upon review of the recorded interview, it appears that Edwards was still incarcerated under the previous allegations at the time he was questioned. When the detective entered the room, Edwards mentioned that a lawyer was supposed to be coming to see him, and asked if it would be the public defender. The detective responded that it probably would be, and proceeded to read Edwards his *Miranda* rights. Edwards continued to participate in the interview, never asking for an attorney.

At the *Jackson-Denno* hearing, the detective testified that he did not infer from Edwards's question that he was requesting an attorney. Indeed, we find that Edwards's comments did not amount to a clear invocation of his right to counsel. See *Reaves*, 292 Ga. at 587 (2) (b). At best, Edwards was indicating an expectation of legal counsel in the future, which is not the type of unequivocal request for counsel that would result in the suppression of the interview. Id. ("Even a comment that a suspect would like counsel to be present in the future is not a clear and unambiguous request for counsel."); see also *Dozier*, 306 Ga. at 35 (4) (b).

Edwards's reliance on *Woodard v. State*, 256 Ga. App. 464 (568 SE2d 528) (2002), is misplaced. Unlike the case at hand, there, we presumed the defendant had invoked his right to counsel because it was undisputed that counsel had been appointed at a first appearance hearing prior to the custodial interview. Id. at 465, n.1. Moreover, even if the admission of the second interview was error, it was harmless in light of the overwhelming evidence against Edwards, especially the testimony of the victim, which remained consistent throughout. Cf. id. at 465 (1) (applying harmless error review). Accordingly, the record supports the trial court's conclusion that Edwards's custodial statements were admissible at trial.

3. In his final enumeration of error, Edwards contends that the trial court erred in admitting evidence of other acts of child molestation under Rule 414 because the evidence was more prejudicial than probative, and he was not convicted in the other case. We discern no error.

At a pre-trial hearing on the State's motion to admit the Rule 414 evidence, Edwards argued that this evidence should be excluded under OCGA § 24-4-403 ("Rule 403") because it was more prejudicial than probative. The trial court overruled his objection.

11

Rule 414 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." We have recognized that this statute creates "a rule of inclusion, with a strong presumption in favor of admissibility," even when the evidence is offered to show a propensity to commit child molestation. (Citations and punctuation omitted.) *State v. McPherson*, 341 Ga. App. 871, 873 (800 SE2d 389) (2017); see also *McAllister v. State*, 351 Ga. App. 76, 80-81 (1) (830 SE2d 443) (2019) (noting that Rule 414 supersedes OCGA § 24-4-404 (b), and permits the admission of propensity evidence).

The other acts evidence involving S. H. was admissible under Rule 414. To begin, we note that the other acts evidence was clearly relevant to show Edwards's propensity to commit child molestation, and his lustful disposition toward young

girls, as the trial court so found.[7] See *McPherson*, 341 Ga. App. at 873; *McAllister*, 351 Ga. App. at 80-81 (1).

> Even so, evidence that is admissible under [Rule 414 (a)] may be excluded if the trial court concludes that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The determination as to whether to exclude evidence for any of these reasons calls for a common sense assessment of all the circumstances surrounding the previous offense, including prosecutorial need, overall similarity between the previous act and the charged offense, as well as temporal remoteness. Indeed, exclusion of otherwise probative and relevant evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly. Ultimately, a trial court's decision on whether to admit evidence under one of these statutes will be overturned only where there is a clear abuse of discretion.

(Citations and punctuation omitted.) *McPherson*, 341 Ga. App. at 874-875.

Here, the trial court found that the prosecutorial need for the other acts evidence was great; the acts were similar, and not remote in time; and this evidence would not confuse the jury, be overly prejudicial, or cumulative. The trial court thus applied the proper analysis in its Rule 403 balancing. See *McPherson*, 341 Ga. App. at 874.

---

[7] Although the trial court initially issued a summary bench ruling, it thoroughly explained its decision to admit the other acts evidence under Rule 414, including the application of the Rule 403 balancing test, in its order denying the motion for new trial. See *Dixon v. State*, 350 Ga. App. 211, 214 (1) (828 SE2d 427) (2019) (although a trial court is not required to conduct the balancing test on the record, its subsequent findings in an order denying a motion for new trial satisfies its obligations under Rule 403).

Edwards argues, however, that the other acts evidence should not have been admitted without a certified conviction to show that he actually committed the crimes. But, as we have previously explained, under our current Evidence Code, trial courts are not required to make a finding that the similar acts occurred before admitting them under Rule 414.[8] *Dixon v. State*, 341 Ga. App. 255, 259 (1) (a) (800 SE2d 11) (2017) (looking to guidance from federal appellate courts, and noting "that corroboration, criminal charges, or a conviction is not required for the admission of other acts evidence under the Federal Rules of Evidence.") (citations, punctuation, and footnote omitted). "Instead, a trial court's decision to admit other act evidence will be affirmed if a jury could find by a preponderance of the evidence that the defendant committed the act." (Citation and punctuation omitted.) Id.

Here, based on Edwards's affirmative custodial statements and his apology letter to S. H., a jury could find by a preponderance of the evidence that he molested her. Thus, the trial court did not abuse its discretion in admitting the Rule 414 evidence on this ground. See *Dixon*, 341 Ga. App. at 259 (1) (a).

---

[8] The new Evidence Code applies to this case because Edwards was tried in 2017. *Bullard v. State*, 307 Ga. 482, 488 (3), n. 6 (837 SE2d 348) (2019). Thus, Edwards's reliance on *Kingsley v. State*, 268 Ga. App. 729, 730 (1) (603 SE2d 78) (2004), which predates our current Evidence Code, is misplaced.

For all these reasons, we affirm the trial court's denial of Edwards's motion for new trial.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur*.